**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LANCE COLLIK, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-307 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| KYLE E. POHLABEL and JASON A. BARHORST, | : | |
| | : | |
| Defendants. | : | |

_____

**ENTRY AND ORDER DENYING PARTIAL MOTION TO DISMISS OF**
**DEFENDANT POHLABEL AND MOTION TO DISMISS OF DEFENDANT**
**BARHORST (DOC. 5)**
_____

Pending before the Court is the Partial Motion to Dismiss of Defendant Pohlabel and Motion to Dismiss of Defendant Barhorst (Doc. 5) (the "Motion"), filed by Defendants Kyle E. Pohlabel ("Trooper Pohlabel") and Jason A. Barhorst ("Trooper Barhorst") (collectively, the "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Lance Collik ("Mr. Collik") filed a Memorandum in Opposition to the Motion.  (Doc. 7.)  Defendants filed a Reply in support of the Motion.  (Doc. 8.)  The Motion is fully briefed and ripe for review.  (Docs. 5, 7, and 8.)  For the reasons discussed below, the Court **DENIES** the Motion.

I.      **BACKGROUND**

Mr. Collik brings this action against two Ohio State Highway Patrol Troopers, stemming from a traffic stop and vehicle search in November of 2019.  The Complaint alleges violations of Mr. Collik's constitutional rights (under the Fourth and Fourteenth Amendments) pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Doc. 1.)  It contains a single cause of action against both Defendants:  Deprivation of Civil Rights under Section 1983.  (*Id.* at PAGEID # 7-10.)

1

According to the Complaint, on November 13, 2019, Trooper Pohlabel conducted a traffic stop of Mr. Collik's motor vehicle (the "Vehicle"). The Complaint asserts that Trooper Pohlabel lacked "a particularized and objective basis for suspecting" Mr. Collik of criminal activity or a violation of a traffic law, so therefore the stop violated Mr. Collik's constitutional rights under the Fourth and Fourteenth Amendments. The Complaint also asserts that Trooper Pohlabel unreasonably extended and delayed the detention of Mr. Collik beyond the time needed to handle the matter for which the traffic stop was made, thus again violating Mr. Collik's constitutional rights under the Fourth and Fourteenth Amendments.

The Complaint then contains the following allegations most relevant to the Motion:

21. … [Trooper Pohlabel] ultimately requested the presence of a canine unit at the scene of the traffic stop in order to have a dog sniff of the vehicle ….

…

25. Ultimately [Trooper Barhorst] arrived at the scene of the traffic stop and conducted a dog sniff of the vehicle owned and operated by [Mr. Collik].

26. Upon conclusion of the dog sniff of the vehicle, [Trooper Barhorst] then began conducting a warrantless search of the passenger compartment of the vehicle.

27. As [Trooper Barhorst] was conducting the warrantless search of the passenger compartment of the vehicle, [Trooper Pohlabel] declared to [Mr. Collik] … that the drug-sniffing dog 'appeared to alert on the driver's side' of the vehicle.

28. The alert by the drug-sniffing dog, to the extent the dog actually alerted (as the cruiser camera in the patrol car did not indicate any such alert whatsoever) was towards the passenger compartment of the vehicle on the driver's side and not towards the trunk of the vehicle.

…

31. … [F]ollowing the conclusion of the warrantless search of the passenger compartment of the vehicle, [Trooper Barhorst] then proceeded to open the trunk of the vehicle and proceeded to conduct a warrantless search of the trunk even though the drug-sniffing dog had not alerted to the trunk area of the vehicle.

32. [Trooper Pohlabel] then joined [Trooper Barhorst] and both of them continued to conduct a warrantless search of the trunk of the vehicle even though the drug-sniffing dog had not alerted or allegedly alerted to the trunk area of the vehicle.

…

> 34. Even though the drug-sniffing dog had not alerted or allegedly alerted to the trunk area of the vehicle, [Trooper Pohlabel] and [Trooper Barhorst] proceeded to conduct a warrantless search of the trunk of the vehicle, as well as closed containers within the trunk of the vehicle.

(Doc. 1 at PAGEID # 4-6, 9-10.) The Complaint asserts that "the search of the trunk of the vehicle and the contents therein by [Trooper Pohlabel] and [Trooper Barhorst] exceeded the scope of any probable cause they had to search and, accordingly violated the constitutional rights of [Mr. Collik] under the Fourth and Fourteenth Amendments." (*Id.* at ¶ 51.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

(internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

## III.    ANALYSIS

Section 1983 "provides a cause of action for deprivation, under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States." *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 656 (6th Cir. 1994).[1] "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Feucht v. Triad Loc. Schs. Bd. of Educ.*, 425 F. Supp. 3d 914, 923 (S.D. Ohio 2019).

"The Fourth Amendment protects 'the right of the people to be secure in their persons,

---

[1]   Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. … "

houses, papers, and effects,' including vehicles, 'against unreasonable searches and seizures.'"
*United States v. Snoddy*, 976 F.3d 630, 633 (6th Cir. 2020) (quoting U.S. CONST. amend. IV).
"The general rule is that warrantless searches of vehicles are *per se* unreasonable under the Fourth
Amendment—subject only to a few specifically established and well-delineated exceptions." *Id.*
(internal quotation marks omitted). One such exception is the automobile exception, which
"permits officers to search a vehicle without a warrant if they have probable cause to believe that
the vehicle contains evidence of a crime." *Taylor v. City of Saginaw*, 922 F.3d 328, 334 (6th Cir.
2019). And, "[a]n alert to the presence of drugs by a properly trained narcotics detection dog is
sufficient to establish probable cause to search a vehicle." *United States v. Sharp*, 689 F.3d 616,
618 (6th Cir. 2012); *see also United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994) ("before
the dog alerted on the car, probable cause for a search did not exist," but "[a] positive indication
by a properly-trained dog is sufficient to establish probable cause for the presence of a controlled
substance").

The Motion is limited to a relatively narrow argument. Defendants only argue that the
portion of the claim concerning the search of the Vehicle should be dismissed, and that it should
be dismissed because "it is undisputed that the police dog alerted to the presence of drugs in the
vehicle," which provided "probable cause to search the entire vehicle," thus resulting in a
"constitutionally permissible" search of the Vehicle.[2] (Doc. 5 at PAGEID # 20.) Therefore,
according to Defendants, "[w]hile the other claims against Trooper Pohlabel may go forward, the
unconstitutional search claim … should be dismissed" because it fails to state a claim upon which
relief may be granted. (*Id.*)

However, the Court disagrees with the argument because it is entirely based on a faulty

---

[2] There is no argument regarding the claim's second element: that the alleged deprivation was caused by a person
acting under the color of state law. (*See also* Doc. 1 at ¶¶ 3-4, 52-53.)

premise: that Mr. Collik "concedes that the police dog alerted to the presence of drugs when it sniffed his car." (Doc. 5 at PAGEID # 19 (citing Doc. 1 at ¶ 28).) Looking at the Complaint, it alleges that the Defendants searched Mr. Collik's vehicle without a warrant. (Doc. 1 at ¶¶ 26, 31, 32, 34.) Allegations also indicate (or at least allow the reasonable inference) that there was no applicable exception to the general rule that warrantless searches of vehicles are *per se* unreasonable. (*See generally* Doc. 1.) This includes that the Complaint pleads a set of facts that the drug-sniffing dog did not alert (*id.* at ¶¶ 28, 32, 34), contrary to the foundational assertion in the Motion that "it is undisputed that the police dog alerted to the presence of drugs in the vehicle." (Doc. 5 at PAGEID # 20.)

Mr. Collik pleads alternative facts in the Complaint: the drug-sniffing dog did not alert or the drug-sniffing dog alerted towards the passenger compartment of the Vehicle. (*See* Doc. 1 at ¶¶ 28, 32, 34.) This type of pleading is permissible. Fed. R. Civ. P. 8(d)(2); *Indep. Enters. Inc. v. Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (the rules "permit[] inconsistency in both legal and factual allegations"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1283 (3d ed.) ("[u]nder Federal Rule 8(d)(2) a party may include inconsistent allegations in a pleading's statement of facts"). The pleading rules specify that, "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see also Johnson v. City of Hammond*, No. 2:14 CV 281, 2016 U.S. Dist. LEXIS 41840, at *6-7, 2016 WL 1244016, at *3 (N.D. Ind. Mar. 29, 2016) ("[p]leading alternative statements of fact does not make any of them less plausible, and if one is sufficient, then the pleading is sufficient").

Mr. Collik's claim against both Trooper Pohlabel and Trooper Barhorst is sufficient because one of his alternative statements alleges that the drug-sniffing dog did not alert. Under

the set of facts that the drug-sniffing dog did not alert, the potential probable cause to search the Vehicle stemming from such an alert goes away.  *Sharp*, 689 F.3d at 618; *Diaz*, 25 F.3d at 393-94.  And with it goes Defendants' entire basis for the Motion.  At this early stage, the Complaint sufficiently pleads that Defendants did not have probable cause to search the Vehicle.  More broadly, the Complaint sufficiently pleads that Defendants violated Mr. Collik's Fourth Amendment rights by conducting an unreasonable search of his vehicle.  *Snoddy*, 976 F.3d at 633.  Thus, construing the Complaint's allegations in the light most favorable to Mr. Collik, the Court finds that he has pleaded enough to survive the Motion.

This outcome aligns with a recent decision in this district.  *See Cole v. Coverstone*, No. 2:20-cv-829, 2020 U.S. Dist. LEXIS 89505, at *12-13, 2020 WL 2571489 (S.D. Ohio May 21, 2020).  In *Cole*, the plaintiffs claimed that the defendants, who were Ohio State Highway Patrol Troopers, unlawfully searched and seized them in violation of their Fourth and Fourteenth Amendment rights.  *Id.* at *5.  Among other things, the complaint alleged that, after a drug-detection dog sniffed their vehicle, one of the defendants "alleged" to the plaintiffs that the dog alerted and indicated to the vehicle.  *Id.* at *12-13.  The Court, "[c]onstruing the allegations in the light most favorable to [p]laintiffs," found that the complaint "alleged facts from which it could be reasonably inferred that the drug-detection dog did not positively alert to drugs in the vehicle," and, "[i]f that is true, the police dog did not supply probable cause to search the vehicle."  *Id.* at *13.  The Court concluded that, "discovery may reveal otherwise," but the plaintiffs "have pled enough to survive a motion to dismiss."  *Id.* at *13-14.  The same is true here.

This is not to say that Defendants are incorrect in their assertion that the Sixth Circuit has held:  "[i]f the police have probable cause to search a lawfully stopped vehicle for contraband, then the police have probable cause to search every part of the vehicle and all containers found therein

in which the object of the search could be hidden," and that an alert by a properly trained and reliable drug-detection dog gives "officers probable cause to search [a] car and any containers capable of hiding drugs."  *United States v. Stubblefield*, 682 F.3d 502, 507 (6th Cir. 2012); *see also United States v. Kelley*, 459 F. App'x 527, 532 (6th Cir. 2012) ("Sixth Circuit case law clearly demonstrates that the search of an entire car for drugs after a drug-dog's alert is reasonable," including a search of the car's trunk).  While that law may affect this litigation going forward, it is not dispositive with respect to the ultimate issue presented by the Motion:  does the Complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"?  *Iqbal*, 556 U.S. at 678.  The Court finds that it does.  Consequently, when accepting the factual allegations of the Complaint as true and construing them in a light most favorable to Mr. Collik, the Complaint alleges facts establishing a deprivation of his constitutional rights caused by persons acting under the color of state law and, as a result, has stated a valid basis for his Section 1983 claim against both Defendants.  *Sigley*, 437 F.3d at 533.

## IV.  **CONCLUSION**

The Court finds that the Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" under 42 U.S.C. § 1983 against both Trooper Pohlabel and Trooper Barhorst regarding the alleged search of the trunk of the vehicle and the contents therein.  *Iqbal*, 556 U.S. at 678.  For the reasons stated above, the Court **DENIES** the Partial Motion to Dismiss of Defendant Pohlabel and Motion to Dismiss of Defendant Barhorst (Doc. 5).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, December 3, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

8